IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NOAH FRANK, | No. 6:25-cr-00287-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TINA KOTEK; FAIRBORZ PAKSERESHT; STEPHEN BLIXSETH; STEPHEN HAMMOND; CARRIE RICH BURRESON; HEATHER SAFFELL; TRICIA GONZALEZ; CHRISTINA M. SUTTON; ABRAM JARED GILLIAM; and OREGON DEPARTMENT OF HUMAN SERVICES, | |
| Defendants. | |

_____

MCSHANE, Judge:

     Pro Se Plaintiff Noah Frank alleges that his former foster parents abused him and that the government officials in charge of his case failed to protect him. Defendants move to dismiss Plaintiff's Complaint, arguing that his federal claims are time-barred, his state claims are subject to immunity, and the Court should decline to exercise supplemental jurisdiction. State Defs.' Mot. Dismiss 2, ECF No. 30; Att'y Def.'s Mot. Dismiss 10, ECF No. 16. Because Plaintiff's federal claims are time-barred and he has not demonstrated why the Court should exercise supplemental jurisdiction over his state claims, Defendants' Motion to Dismiss is GRANTED.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff came into the custody and care of Defendant Oregon Department of Human Services ("ODHS") at the age of seven. Compl. ¶¶ 7, 20, ECF No. 1. ODHS retained custody of Plaintiff from February of 2014 to March of 2016. *Id.* During that time, Defendants Christina Sutton and Abram Gilliam served as Plaintiff's foster parents. *Id.* Plaintiff alleges that Sutton and Gilliam subjected him to extensive physical, mental, and sexual abuse. *Id.* at ¶ 9.

Defendant Heather Saffell ("Attorney Defendant") represented Plaintiff as his court-appointed attorney during juvenile dependency hearings held from February of 2014 through March of 2016. *Id.* at ¶¶ 3, 14. During one of those hearings, the seven-year-old Plaintiff allegedly expressed a wish to testify. *Id.* at ¶ 47. Plaintiff claims that Attorney Defendant violated his substantive and procedural due process rights by disregarding his request to testify and by failing to fulfill her legal obligations. *Id.* at ¶¶ 46–48.

Plaintiff also names ODHS caseworkers Stephen Hammond and Carrie Rich Burreson as defendants, alleging that they acted outside of the scope of their authority during the juvenile dependency proceedings. *Id.* at ¶¶ 16–17. Plaintiff includes Tricia L. Gonzalez, the Assistant Attorney General, as a defendant in her official capacity, asserting that she represented the State of Oregon during the juvenile proceedings. *Id.* at ¶ 13. Additionally, Plaintiff accuses Assistant Attorney General Stephen Blixseth of representing the State in similar matters and claims that he fabricated evidence. *Id.* at ¶ 15. Finally, Plaintiff names Governor Tina Kotek and ODHS Director Fairborz Pakseresht as defendants. *Id.* at ¶¶ 10–11.

Plaintiff brings six causes of action: three claims under 42 U.S.C. § 1983 for violations of due process and the Child Welfare Act; and three state law claims for intentional infliction of emotional distress ("IIED"), assault and battery, and negligence per se. *Id.* at ¶¶ 28–72. Defendants

move to dismiss Plaintiff's claims with prejudice. State Defs.' Mot. Dismiss 2; Att'y Def.'s Mot. Dismiss 10.

## LEGAL STANDARDS

District courts are of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs,. Inc.*, 545 U.S. 546, 552 (2005). It is presumed that a district court lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the allegations in the complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bertz v. Kelman*, 777 F.2d 1026, 1027 (9th Cir. 1985). However, pro se pleadings must

3 – OPINION AND ORDER

still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.3d 266, 268 (9th Cir. 1982).

## DISCUSSION

### I. Defendants Kotek and Pakseresht

Plaintiff names current Governor Tina Kotek and ODHS Director Fairborz Pakseresht as defendants. Compl. ¶¶ 10, 11. However, Plaintiff's alleged injuries occurred in 2014 through 2016, and Plaintiff has not shown that Kotek served as Governor or that Pakseresht served as ODHS Director during that period. State Defs.' Mot. Dismiss 3. For this reason, all claims against Defendants Kotek and Pakseresht are DISMISSED.

### II. Plaintiff's § 1983 Claims

Plaintiff asserts three claims under 42 U.S.C. § 1983. In his first claim, he alleges that the State Defendants violated his substantive due process rights. Compl. ¶ 35. In his second claim, Plaintiff accuses both the State Defendants and the Attorney Defendant of violating the Child Welfare Act of 1980 by failing to protect him from physical, mental, and sexual abuse while he was in state custody. *Id.* at ¶¶ 37–44. In his third claim, he alleges that both the State Defendants and the Attorney Defendant violated his substantive and procedural due process rights. *Id.* at ¶¶ 45–53.

State Defendants and Attorney Defendant argue that these claims should be dismissed with prejudice because they are time-barred. State Defs.' Mot. Dismiss 4; Att'y Def.'s Mot. Dismiss 10. In response, Plaintiff asserts that his claims are not time-barred pursuant to ORS § 12.160 and § 12.117. Resp. State Defs.' Mot. Dismiss 10, ECF No. 33.

The Ninth Circuit has held that courts should apply a state's residual personal injury statute of limitations—rather than various specialized limitations statutes—to § 1983 claims. *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012). This approach avoids

4 – OPINION AND ORDER

unnecessary litigation and helps preserve the effectiveness of the § 1983 remedy. *Id.* Using multiple, analogous state law limitations periods would create "uncertainty and time-consuming litigation that is foreign to the central purposes of § 1983," undermining its purpose and frustrating the goal of clarity and certainty in the law. *Id.* at 579–80.

Contrary to Plaintiff's argument, ORS § 12.117, which tolls the limitations period for victims of child abuse until the age of 40, does not apply. Under *Bonneau*, ORS §§ 12.110 and 12.160 apply, meaning there was a two-year statute of limitations that was tolled for up to five years because Plaintiff was a minor. This means that Plaintiff was required to file his § 1983 claims by March of 2023 at the latest. Further, even if the claims were not time-barred, because the Attorney Defendant was not acting as an agent of the State and the State Defendants are subject to prosecutorial, sovereign, and qualified immunity, Plaintiff's § 1983 claims would not sustain. Because Plaintiff did not file his Complaint until February of 2025, his § 1983 claims are time-barred and DISMISSED with prejudice.

### III. Plaintiff's Negligence Per Se Claims

Plaintiff alleges statutory negligence against all Defendants, arguing that each Defendant had a duty to safeguard his rights while he was in the State's care and custody. Compl. ¶¶ 67, 68. Defendants assert that this claim fails as a matter of law because it is based on ORS § 418.523, a statute that did not exist when the alleged events occurred. State Defs.' Mot. Dismiss 11.

Plaintiff bases his claim on conduct that allegedly took place between 2014 and 2016, but § 418.523 did not go into effect until 2021. Because the statute was not in force at the time of the alleged conduct, Plaintiff cannot rely on it to support a negligence per se claim. *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 265 (1994) ("[T]he principle that the legal effect of conduct should

ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."). Plaintiff's negligence per se claim is DISMISSED with prejudice.

## IV. Plaintiff's IIED and Assault and Battery Claims

Plaintiff alleges intentional infliction of emotional distress against his caseworkers, Defendants Hammond and Burreson, a DOJ attorney, Defendant Blixseth, ODHS, and his foster parents, Defendants Sutton and Gilliam. Compl. ¶ 59. He also asserts a claim for assault and battery against Sutton and Gilliam. *Id.* at ¶ 62.

Defendants Blixseth, Hammond, and Burreson move to dismiss the claims under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff fails to state a claim upon which relief can be granted. State Defs.' Mot. Dismiss 1–2. Specifically, Defendant Blixseth asserts prosecutorial immunity, while Defendants Hammond and Burreson claim qualified immunity. *Id.* They also urge the Court to decline supplemental jurisdiction over the state law claims. *Id.* at 5.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. As discussed above, Plaintiff's federal § 1983 claims are time-barred, so the Court has discretion to exercise jurisdiction over Plaintiff's state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In deciding whether to exercise supplemental jurisdiction over state law claims, the Court considers values of "[judicial] economy, convenience, fairness, and comity." *Id.* "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.* at 726–27.

Here, Plaintiff's state law claims of IIED and assault and battery are all that remain. The case is still in its early stages and not much, if any, discovery has taken place. As a result, neither

side has devoted substantial resources to federal court proceedings. Additionally, no party has claimed that litigating in state court would cause them inconvenience or unfair disadvantage. Finally, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Taking all this into account, the Court determines that judicial economy, convenience, fairness, and comity favor declining to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's IIED and assault and battery claims are DISMISSED.

### V. Plaintiff's Motion for Leave to Amend

After Defendants filed their Motions to Dismiss, Plaintiff moved for leave to amend his Complaint. First Mot. Leave Am. Compl., ECF No. 36. Defendants also moved to dismiss the Proposed Amended Complaint. Mot. Dismiss First Am. Compl., ECF No. 47. Plaintiff's Proposed Amended Complaint shows that the primary change is the addition of two new defendants, Jasper Mountain SAFE Center and Mental Health For Children. Am. Compl. ¶¶ 23–24, ECF No. 38. The claims against the other Defendants essentially remain the same.

When dismissing a self-represented plaintiff's complaint, the Court must give the plaintiff leave to amend unless it is "absolutely clear" that amendment could not cure the defects. *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). But "district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Because Plaintiff's amended complaint does not remedy the deficiencies in his federal claims as identified above, the analysis of that complaint would be the same, rendering any amendment futile. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018) ("[L]eave to amend should be denied as futile only if no set of facts can be proved under the amendment to

the pleadings that would constitute a valid and sufficient claim or defense."). While Plaintiff may have viable claims under state law, the Court declines to exercise jurisdiction over those claims. Plaintiff's Motion for Leave to Amend is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss, ECF Nos. 16, 30, 43, are GRANTED. Plaintiff's federal claims are dismissed with prejudice, but his IIED and assault and battery claims are dismissed without prejudice so that Plaintiff may bring those claims in state court. Plaintiff's Motion for Leave to Amend, ECF No. 36, is DENIED. Defendants' Motion to Dismiss First Amended Complaint, ECF No. 47, is DENIED as moot.

IT IS SO ORDERED.

DATED this 17th day of July, 2025.

                                          ___s/Michael J. McShane_____
                                              Michael J. McShane
                                            United States District Judge